UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAVID W. COLLETTI**                                              **CIVIL ACTION**

**VERSUS**                                                         **NO. 16-308**

**BENDIX, ET AL.**                                                 **SECTION "B"(3)**

ORDER AND REASONS

Before the Court is David Colletti's (hereinafter "Plaintiff" or "Colletti") "Emergency Motion to Remand." Rec. Doc. 4. Defendant Honeywell International, Inc. (hereinafter "Honeywell" or "Defendant") filed a memorandum in opposition. Rec. Doc. 9. For the reasons outlined below,

**IT IS ORDERED** that the Motion is **DENIED**.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Plaintiff's alleged exposure to asbestos. Plaintiff, a citizen of Mississippi, originally filed suit in Civil District Court for the Parish of Orleans, State of Louisiana, naming the following entities as defendants: (1) Asbestos Corporation Ltd. ("Asbestos"), a Canadian corporation with its principal place of business in Quebec, Canada; (2) Burmaster Land & Development Co., LLC ("Burmaster"), a Louisiana citizen; (3) Metropolitan Life Insurance Company ("Metropolitan"), a New York corporation with its principal place of business in New York; (4) Honeywell, a Delaware corporation with its principal place of business in New Jersey; and FCA US, LLC ("FCA"), a citizen

1

of Delaware and/or Michigan.[1] Rec. Doc. 1 at 1-2. Accordingly, complete diversity of citizenship exists with only one defendant, Burmaster, a resident of the forum state.

After obtaining a copy of the original state court petition on January 7, 2016,[2] Honeywell filed a notice of removal in this Court on January 13, 2016. Rec. Doc. 1 at 3. Unbeknownst to counsel for Honeywell at the time of removal, Honeywell's registered agent in Louisiana, Corporation Service Company ("CSC"), was personally served with process on January 12, 2016. Rec. Docs. 7, 7-1. No other defendants in this case had been served with process at the time of removal. Rec. Docs. 1, 4 at 2. Honeywell removed on the basis of diversity jurisdiction, claiming that removal was not barred by the forum-defendant rule under 28 U.S.C. § 1441(b)(2) because the forum-resident defendant (Burmaster) had not yet been served. Plaintiff thereafter filed the present Motion to Remand on January 14, 2016. Rec. Doc. 4.

## II.  THE PARTIES' CONTENTIONS

First, Colletti maintains that Honeywell was not permitted to remove the action under the forum-defendant rule because Burmaster

---

[1] The citizenship of these entities is based upon information provided in the Notice of Removal (Rec. Doc. 1) and information from the Louisiana Secretary of State's business filings database. While the citizenship of an LCC is determined by the citizenship of its members, and thus not readily ascertainable from the Secretary of State's website, Plaintiff concedes that the parties are completely diverse and that only Burmaster is a citizen of Louisiana. *See* Rec. Doc. 4-1 at 1-2.

[2] Though the Notice of Removal says January 7, *2014*, Honeywell later corrected its mistake in a subsequent filing. Rec. Doc. 7 at 1-2.

is a resident of the forum state. Rec. Doc. 4-1 at 3. Second, he claims that Honeywell "jumped the gun" by removing the case before being served, making removal altogether improper. Rec. Doc. 4-1 at 4. Finally, Colletti asks this Court to award him costs and attorney's fees upon remand to state court. Rec. Doc. 4-1 at 5-6.

Honeywell maintains that it properly removed this matter in all respects. First, Honeywell claims that removal is not barred by the forum-defendant rule because the forum-defendant was not yet served when the Notice of Removal was filed. Second, Honeywell contends that service was effectuated on its registered agent prior to removal. Nevertheless, Honeywell argues that service of process on the removing party is not a prerequisite to removal. Finally, even if the case is remanded, Honeywell claims that costs and attorney's fees are not proper.

### III. LAW AND ANALYSIS

A defendant may remove a civil action from state court to the federal district court encompassing the place where the action is pending so long as the case falls under the district court's original jurisdiction. 28 U.S.C. § 1441(a). Such original jurisdiction exists when there is diversity of citizenship, meaning the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. However, an action that is otherwise removable based on diversity "may not be removed if any of the parties in interest properly joined and

3

served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Plaintiff's first argument is that this forum-defendant rule bars removal.

### a. Whether the Forum-Defendant Rule Bars Removal

Here, the original petition was filed in Louisiana state court and one of the defendants, Burmaster, is a Louisiana citizen. Accordingly, Plaintiff argues that the forum-defendant rule prevents Honeywell's removal, mandating remand back to state court. Honeywell cites a number of cases out of this district as well as the plain language of the statute to support the argument that the forum-defendant rule only bars removal in this situation if the forum-defendant has been served at the time of removal. As Burmaster had not yet been served when Honeywell removed the action, Defendant contends that there is no bar to removal.

The forum-defendant rule specifically precludes removal "if any of the parties in interest *properly joined and served* as defendant is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Though joined in the original action, it is undisputed that Colletti had not yet served Burmaster at the time of removal. *See* Rec. Doc. 4-1 at 3. Based on the plain meaning of the statute then, Honeywell's removal of this matter does not violate the forum-defendant rule. While acknowledging that Honeywell's position has "garnered some support in other courts," Plaintiff maintains that this Court should ignore

4

the "and served" language of the statute. Rec. Doc. 4-1 at 3-4. This the Court cannot do. "Following the plain language of section 1441(b), courts have virtually uniformly held that, where complete diversity exists between the parties, the presence of an unserved resident defendant does not prevent removal." *Stewart v. Auguillard Constr. Co., Inc.*, No. 09-6455, 2009 WL 5175217, at *3 (E.D. La. Dec. 18, 2009); *Ott v. Consol. Freightways Corp. of Delaware*, 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002) (noting that "courts have held, virtually uniformly, that where, as here, diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. §1441(b)."). Here, it is undisputed that Burmaster was not served prior to removal and that complete diversity exists as all defendants reside in different states than the Plaintiff. Accordingly, the forum-defendant rule does not bar removal.

    **b. Whether Honeywell was Served Prior to Removal**

Plaintiff's second argument is that, even if the forum-defendant rule was not violated, removal here was procedurally deficient because Honeywell filed the notice of removal before being served. Section 1446 places additional restrictions on the process of removal. Relevant here is § 1446(b), which provides: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting

5

forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis added). Honeywell maintains that its registered agent in Louisiana was served prior to removal, but, in any event, that service upon the removing party is not a prerequisite to removal.

In the Notice of Removal, Honeywell admits that it originally obtained a copy of the state court petition from its attorneys on December 7, 2016. Rec. Doc. 1 at 3. Honeywell goes on to state in the Notice of Removal that "[u]pon information and belief, at the time this Notice of Removal is filed, no defendant to this lawsuit has been served with process." Rec. Doc. 1 at 4. The next day, Colletti filed the present motion for remand. Rec. Doc. 4. On January 20, 2016, Honeywell filed a supplement to its Notice of Removal. Rec. Doc. 7. There, Honeywell contended that at the time of removal, it had no indication that service had been effectuated. "However, after filing the Notice of Removal[,] Honeywell discovered that it had actually been served in Louisiana, via long-arm service through Corporate Service Co., in Baton Rouge, on January 12, 2016—the day before Honeywell filed its Notice of Removal." Rec. Doc. 7 at 1. In support of this assertion, Honeywell provides the Court with the "Notice of Service of Process" it received from CSC, which indicates that CSC was personally served with process on January 12, 2016 as the registered agent for Honeywell. Rec. Doc. 7-1. Accordingly, Honeywell now maintains

6

that, though unaware at the time the Notice of Removal was filed, it had actually been served with process at the time of removal. Plaintiff has submitted no further briefing on this issue other than the original motion, which was filed before Honeywell found out about service on CSC.

The term "service of process" is defined by state law, meaning that Louisiana law governs whether Honeywell was properly served on January 12 as alleged. *City of Clarksdale v. Bell South Telecommunications., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). "In Louisiana, service of process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process." *Pellerin-Mayfield v. Goodwill Industries*, No. 03-3774, 2003 WL 21474649, at *1 (E.D. La. June 20, 2003) (citing LA. CODE CIV. P. arts 1261(A), 1232). Honeywell is a Delaware Corporation and its Louisiana business filings list CSC as its registered agent. Therefore, personal service on CSC is sufficient to meet the Louisiana standard for service of process.

As service was apparently effectuated on Honeywell on January 12, 2016 via personal service on its registered agent CSC, this Court need not address Honeywell's alternative argument that service is not a prerequisite to removal. As far as this Court can tell, service occurred on January 12, 2016 and removal occurred on January 13, 2016, meaning removal occurred well within the thirty

(30) day time limit prescribed by 28 U.S.C. § 1446(b)(1). Therefore, removal was procedurally proper in all respects.

**IV. CONCLUSION**

Honeywell avoided all potential procedural pitfalls by filing the Notice of Removal after being served yet before Colletti served the forum-defendant, Burmaster. For the aforementioned reasons,

**IT IS ORDERED** that the Motion to Remand is **DENIED**.

New Orleans, Louisiana, this 25th day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE